Daren R. Brinkman (State Bar No. 158698)
Laura J. Portillo (State Bar No. 186813)
Kevin C. Ronk (State Bar No. 241598)
BRINKMAN PORTILLO RONK, APC
4333 Park Terrace Drive, Suite 205
Westlake Village, CA 91361
Telephone: (818) 597-2992
Facsimile: (818) 597-2998

Counsel for Casitas Eubanks Group, Inc.,
formerly Los Robles Care Center, Inc.,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LOS ROBLES CARE CENTER, INC.,<br><br>Debtor and Debtor in Possession.<br><br>CASITAS EUBANKS GROUP, INC., Formerly known as LOS ROBLES CARE CENTER, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>OJAI HEALTHCARE, LLC, a California limited liability company; JAMES PREIMESBERGER, an individual,; PROVIDENCE GROUP, INC., a California corporation; and PROVIDENCE GROUP OF CALIFORNIA, LLC, a California limited liability company,<br><br>Defendants. | Bankruptcy Case No.: 9:09-bk-13125-PC<br><br>Chapter 11<br><br>Adversary Proceeding No.: 9:15-ap-01047-PC<br><br>FIRST AMENDED COMPLAINT FOR:<br>1. ACCOUNTING;<br>2. TURNOVER OF PROPERTY OF THE ESTATE (11 U.S.C. § 542);<br>3. BREACH OF CONTRACT - MANAGEMENT OPERATIONS TRANSFER AGREEMENT;<br>4. BREACH OF CONTRACT - ASSET SALE AGREEMENT;<br>5. CONVERSION; AND<br>6. INJUNCTIVE RELIEF |

1

COMPLAINT

COMES NOW Casitas Eubanks Group, Inc., formerly Los Robles Care Center, Inc., debtor and debtor in possession in the above-referenced bankruptcy case, and respectfully submits as follows:

## I.     JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 as this proceeding relates to the Chapter 11 bankruptcy case entitled *In re Los Robles Care Center, Inc.* (Case No. 9:09-bk-13125-PC), currently pending in the U.S. Bankruptcy Court for the Central District of California, Northern Division (the "Bankruptcy Case").

2. This is a core matter under 28 U.S.C. § 157(b)(2).[1]

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with the Bankruptcy Case.

4. This adversary proceeding is brought to seek an accounting in order to determine the debtor's property and to recover the property for the benefit of the debtor's estate pursuant to Federal Rule of Bankruptcy Procedure 7001, *et seq.*, and Section 542 of Title 11 of the United States Code (the "Bankruptcy Code").

## II.     PARTIES

5. Plaintiff is Casitas Eubanks Group, Inc., formerly known as Los Robles Care Center, Inc., a California corporation, debtor and debtor in possession in the above entitled bankruptcy case (hereinafter, "PLAINTIFF" or "DEBTOR").

6. Defendant is Ojai Healthcare, LLC, a California limited liability company (hereinafter "OJAI HEALTHCARE") became the new operator of the Facility after the Asset Sale.

7. DEBTOR is informed and believes, and thereon alleges, that Defendant James Preimesberger ("PREIMESBERGER") is an individual residing in the State of California who is the manager of OJAI HEALTHCARE.

---

[1] This statement is made pursuant to Local Bankruptcy Rule 7008-1, incorporating therein FRBP 7008(a) and 7012(b).

8. DEBTOR is informed and believes, and thereon alleges, that defendant Providence Group, Inc., is a California corporation, (hereinafter "<u>PROVIDENCE, INC.</u>") with its principal office in National City, California.

9. DEBTOR is informed and believes, and thereon alleges, that defendant Providence Group of California, LLC, is a California limited liability company, , (hereinafter "<u>PROVIDENCE, LLC</u>") with its principal office in National City, California.

10. PLAINTIFF is ignorant of the true names and capacities of one or more other defendants. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained by PLAINTIFF.

### III.    FACTS COMMON TO ALL COUNTS

11. DEBTOR is a California corporation that previously owned and operated a 74 bed skilled nursing facility in Ojai, California known as the Los Robles Care Center (the "<u>Facility</u>").

12. The Facility generated its revenue from fees it charged its residents for room and board, medical supplies, equipment rentals, and other services. While some fees were paid by individual residents or private insurance companies, most fees were paid by government programs such as Medicare and Medi-Cal (also known as Medicaid).

13. On August 5, 2009, DEBTOR filed a petition for voluntary relief under Chapter 11 of the Bankruptcy Code due, in large part, to the failure by the State of California to timely pay its Medi-Cal debts to DEBTOR.

14. On June 24, 2013, DEBTOR and certain buyers, including 601 Montgomery Street, LLC, 512 Lion Street, LLC and Ojai Healthcare, LLC, entered into that certain document entitled "Asset Sale Agreement" dated as of June 24, 2013, as amended by the "First Amendment to Asset Sale Agreement" dated as of July 8, 2013, the "Second Amendment to Asset Sale Agreement" dated August 5, 2013 and the "Third Amendment to Asset Sale Agreement" dated as of November 20, 2013 (hereinafter collectively referred to as the "<u>Sale Agreement</u>") for the sale of substantially all of the DEBTOR's assets.

15. Pursuant to the Sale Agreement, DEBTOR agreed to sell or transfer, among other assets, real property, personal property, goods, records, contracts, and the goodwill associated with running the skilled nursing business (the "Business").

16. The Sale Agreement specifically excluded certain assets, such as receivables for services rendered and goods sold by DEBTOR prior to the closing date of the sale and all rights to moneys and other sums due or to become due from any governmental or regulatory authority in respect of any cost presorted with respect to the facility for any period ending before the closing of the sale (hereinafter collectively referred to as the "Receivables").

17. On October 9, 2013, the Court in the Bankruptcy Case entered an order approving the DEBTOR's Motion to Sell Assets.[2]

18. The sale of the DEBTOR'S assets closed on December 2, 2013.

19. As required in the Sale Agreement and in order to facilitate the transition of the operational and financial responsibility of the Facility to OJAI HEALTHCARE in a manner that ensured compliance with applicable law, DEBTOR and OJAI HEALTHCARE entered into the Management Operations Transfer Agreement ("MOTA") dated as of the Closing Date.

20. The MOTA provides for the interim management of the Facility by OJAI HEALTHCARE during the period between the Closing Date and the date OJAI HEALTHCARE obtained its license to operate the Facility from the California Department of Public Health, Medicare and Medi-Cal provider numbers and tie-in notice from the Centers for Medicare and Medi-Cal Services permitting it to operate the Facility in its own name.

21. Section 4.3 of the MOTA requires OJAI HEALTHCARE to transfer to DEBTOR, within five days of receipt, all cash revenues (and remittance advices) received by OJAI HEALTHCARE relating to the period prior to the Closing Date.

22. Despite the provisions in the Sale Agreement and MOTA, OJAI HEALTHCARE has failed to turnover to DEBTOR all the Receivables it has collected.

---

[2] The Order Approving Debtor's Motion to Sell Assets was modified by order entered on November 27, 2013 (the "Modified Order"). The Modified Order is immaterial to the Bankruptcy Case and to the issue at hand in this Complaint, which is limited to the Excluded Assets listed in the Agreement. See Order, docket #339 in the Bankruptcy Case.

23. On March 28, 2014, DEBTOR demanded that OJAI HEALTHCARE provide an accounting and turnover the Receivables due DEBTOR.

24. On December 12, 2014, DEBTOR, again demanded that OJAI HEALTHCARE turnover the Receivables due DEBTOR.

25. DEBTOR is informed and believes, and thereon alleges, that since the Closing Date, OJAI HEALTHCARE has collected Receivables which it has not remitted to DEBTOR.

26. DEBTOR is further informed and believes, and thereon alleges, that on or about March 1, 2015, defendant PROVIDENCE, INC. and/or PROVIDENCE, LLC became the new owner of the Business or operator of the Facility and is now collecting Medicare and Medi-cal receivables, including Receivables.

## FIRST CLAIM FOR RELIEF

### (Accounting – Against All Defendants)

27. DEBTOR repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

*Against Defendant Ojai Healthcare, LLC and James Preimesberger*

28. DEBTOR is informed and believes, and thereon alleges, that the Receivables due to DEBTOR is unknown and cannot be ascertained without an accounting from OJAI HEALTHCARE and/or PREIMESBERGER of the receipts collected by OJAI HEALTHCARE during the operation of the Facility since the Closing Date. OJAI is the only party with first-hand knowledge of the source and amount of the receipts it collected.

29. DEBTOR is further informed and believes, and thereon alleges, that OJAI HEALTHCARE has collected at least $165,000 in Receivables which it has not turned over to DEBTOR.

30. DEBTOR is further informed and believes, and thereon alleges, that PREIMESBERGER received a portion of the Receivables collected by OJAI HEALTHCARE which PREIMESBERGER has not turned over to DEBTOR.

31. On or about March 28, 2014, DEBTOR made a demand to OJAI HEALTHCARE for an accounting and that OJAI HEALTHCARE turnover the Receivables due DEBTOR, but OJAI HEALTHCARE failed to provide such accounting.

32. On December 12, 2014, DEBTOR again demanded that OJAI HEALTHCARE turnover the Receivables.

*Against Defendants Providence Group, Inc. and Providence Group of California, LLC*

33. DEBTOR is informed and believes, and alleges thereon, that as of March 1, 2015 defendants PROVIDENCE, INC. and/or PROVIDENCE, LLC are the new owners of the Business and/or operators of the skilled nursing business conducted at the Facility.

34. DEBTOR is further informed and believes, and alleges thereon, that as the new owners or operators, PROVIDENCE, INC. or PROVIDENCE, LLC are collecting Medicare and Medi-cal receivables generated by the skilled nursing facility, including, without limitation Receivables which belong to DEBTOR.

35. The amount of Receivables collected by PROVIDENCE, INC. and/or PROVIDENCE, LLC is unknown and cannot be ascertained without an accounting from PROVIDENCE, INC. and PROVIDENCE, LLC.

### SECOND CLAIM FOR RELIEF

**(Turnover of Estate Property Pursuant to 11 U.S.C. § 542 Against All Defendants)**

36. DEBTOR repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

*Against Defendants Ojai Healthcare, LLC and James Preimesberger*

37. DEBTOR is informed and believes, and thereon alleges, that OJAI HEALTHCARE obtained possession of funds that included transfers for services rendered prior to the Closing Date, which are therefore property of the DEBTOR, under the terms of the Sale Agreement and MOTA.

38. DEBTOR is further informed and believes, and thereon alleges, that PREIMESBERGER received funds from OJAI HEALTHCARE that include transfers for services rendered prior to the Closing Date, which are the property of the DEBTOR.

39. DEBTOR is further informed and believes, and thereon alleges, that to the extent OJAI HEALTHCARE and/or PREIMESBERGER collected Receivables and failed to disclose this fact or transfer the Receivables collected to DEBTOR, those funds constitute property of the DEBTOR's bankruptcy estate. Therefore, those funds or the value of those funds must be immediately turned over to the DEBTOR pursuant to 11 U.S.C. § 542. Section 542(a) provides:

> Except as provided in subsection (c) or (d) of this section, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

40. DEBTOR is further informed and believes, and thereon alleges, that OJAI HEALTHCARE and/or PREIMESBERGER is in possession, custody, or control of property of the estate exceeding the aggregate amount of $165,000, or in such other amount as may be shown according to proof at trial, and must deliver said amount to DEBTOR and account for said property of the estate.

*Against Defendants Providence Group, Inc. and Providence Group of California, LLC*

41. DEBTOR is informed and believes, and thereon alleges, that PROVIDENCE, INC. and/or PROVIDENCE, LLC have collected Receivables which are property of the DEBTOR's bankruptcy estate.

42. PROVIDENCE, INC. and PROVIDENCE, LLC must deliver to the DEBTOR the Receivables it has collected pursuant to 11 U.S.C. § 542.

### THIRD CLAIM FOR RELIEF

**(Breach of Contract - Management Operations Transfer Agreement against OJAI HEALTHCARE)**

43. DEBTOR repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

44. The MOTA constitutes a valid and enforceable contract between DEBTOR and OJAI.

45. The DEBTOR performed its obligations under the MOTA.

46. Without justification, OJAI HEALTHCARE has failed and/or refused to perform its obligations under the MOTA by, among other things, failing and refusing to pay Receivables it has collected as and when due under the MOTA.

47. DEBTOR has demanded an accounting of the Receivables from OJAI HEALTHCARE and that OJAI HEALTHCARE pay Receivables to the DEBTOR.

48. OJAI HEALTHCARE's refusal and continued failure to pay to the DEBTOR the Receivables it has collected constitutes a breach of the MOTA.

49. As a direct and proximate result of OJAI HEALTHCARE's breaches of the MOTA, DEBTOR has suffered damages in the amount of the Receivables, a sum in excess of $165,000, or in such other amount as may be shown according to proof at trial.

50. DEBTOR has incurred legal fees for having to prosecute this action and is entitled to recover an award of reasonable attorneys' fees and costs of suit incurred herein.

### FOURTH CLAIM FOR RELIEF

(Breach of Contract – Asset Sale Agreement as Amended Against OJAI HEALTHCARE)

51. DEBTOR repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

52. The Sale Agreement incorporates the terms of the MOTA by reference and the Asset Sale Agreement and MOTA constitutes a valid and enforceable contract between DEBTOR and OJAI HEALTHCARE.

53. The DEBTOR performed its obligations under the Sale Agreement and MOTA.

54. Without justification, OJAI HEALTHCARE has failed and/or refused to perform its obligations under the Asset Sale Agreement and MOTA by, among other things, failing and refusing to pay the Receivables as and when due.

55. DEBTOR has demanded an accounting of the Receivables from OJAI HEALTHCARE and that OJAI HEALTHCARE pay Receivables to the DEBTOR.

56. OJAI HEALTHCARE's refusal and continued failure to pay to DEBTOR the Receivables it collected constitutes a breach of the Sale Agreement and MOTA.

57. As a direct and proximate result of OJAI HEALTHCARE's breaches of the Sale Agreement and MOTA, DEBTOR has suffered damages in the amount of the Receivables, a sum in excess of $165,000, or in such other amount as may be shown according to proof at trial.

58. DEBTOR has incurred legal fees for having to prosecute this action and is entitled to recover an award of reasonable attorneys' fees and costs of suit incurred herein.

## FIFTH CLAIM FOR RELIEF

### (Conversion Against All Defendants)

59. DEBTOR repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

60. At all times herein mentioned, DEBTOR was, and still is, the owner of and was, and still is, entitled to possession of the Receivables.

61. DEBTOR is informed and believes, and thereon alleges, that OJAI HEALTHCARE and/or PREIMESBERGER has collected at least $165,000 of Receivables which belong to DEBTOR's bankruptcy estate.

62. DEBTOR is informed and believes, and thereon alleges, that PROVIDENCE, INC. and/or PROVIDENCE, LLC have collected Receivables which are property of the DEBTOR's bankruptcy estate.

63. On March 28, 2014 and again on December 12, 2014, DEBTOR demanded the immediate return of the Receivables collected by OJAI HEALTHCARE and/or

PREIMESBERGER but OJAI HEALTHCARE and PREIMESBERGER failed and refused, and continue to fail and refuse, to turnover all the Receivables due DEBTOR.

64. DEBTOR has also demanded the return of any Receivables collected by PROVIDENCE, INC. and/or PROVIDENCE, LLC but PROVIDENCE, INC. and PROVIDENCE, LLC failed and refused, and continue to fail and refuse, to turnover all the Receivables due DEBTOR.

65. As a proximate result of Defendants' conversion, DEBTOR has suffered damages in excess of $165,000, or in such other amount as may be shown according to proof at trial.

66. The aforementioned acts of Defendants were willful, wanton, malicious, and oppressive and justify the award of exemplary and punitive damages.

67. The aforementioned acts of Defendants in wrongfully acquiring and/or detaining the property of DEBTOR, which property the DEBTOR has a right to possess, entitle the DEBTOR to impose a constructive trust on all Defendants and each of them individually.

## SIXTH CLAIM FOR RELIEF

### (Injunctive Relief Against All Defendants)

68. DEBTOR repeats, realleges and incorporates by reference all of the allegations in the preceding paragraphs as if fully set forth herein.

69. DEBTOR is informed and believes, and thereon alleges, that OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and/or PROVIDENCE, LLC are currently in possession of property belonging to the Bankruptcy Estate in the form of Receivables due DEBTOR.

70. Despite multiple demands from DEBTOR, OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC have failed and refused, and continue to fail and refuse, to turn over the Receivables to DEBTOR.

71. Unless Defendants and their agents and assigns are prevented and enjoined from transferring, conveying, or otherwise disposing of the Receivables until such time as the DEBTOR'S rights in and to the Receivables can be determined, the DEBTOR'S Bankruptcy Estate will suffer irreparable harm.

## IV. PRAYER

**WHEREFORE,** DEBTOR prays for judgment as follows:

On the First Claim for Relief

    (i.)    For an accounting from OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC;

On the Second Claim for Relief

    (i.)    For an order requiring OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC to turn over property of the DEBTOR's bankruptcy estate to DEBTOR;

On the Third Claim for Relief

    (i.)    For compensatory damages against OJAI HEALTHCARE in an amount to be proven at trial;

    (ii.)    For consequential damages against OJAI HEALTHCARE in an amount to be proven at trial;

    (iii.)    For attorneys fees pursuant to the MOTA;

On the Fourth Claim for Relief

    (i.)    For compensatory damages against OJAI HEALTHCARE in an amount to be proven at trial;

    (ii.)    For consequential damages against OJAI HEALTHECARE in an amount to be proven at trial;

    (iii.)    For attorneys fees pursuant to the Sale Agreement;

On the Fifth Claim for Relief

    (i.)    Against OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC for the imposition of a constructive trust in an amount equal to the value of the property converted plus interest at the maximum legal rate, pursuant to Cal. Civ. Code §§ 2223 and 2224;

    (ii.)    Against OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC for the value of property converted in the sum of $165,000, or in such other amount to be proven at trial;

    (iii.)    Against OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC for interest at the maximum legal rate on the foregoing sum, from and after the time of the conversion;

    (iv.)    Against OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC for damages for time and money properly expended in pursuit of the converted property;

    (v.)    Against OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and/or PROVIDENCE, LLC for punitive and exemplary damages;

<u>On the Sixth Claim for Relief</u>

    (i.)    Against OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC for a temporary restraining order holding that (a) any Receivables belonging to DEBTOR are property of the Bankruptcy Estate, and (b) OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC must turn over the Receivables belonging to DEBTOR immediately to the Disbursing Agent;

    (ii.)    Against OJAI HEALTHCARE, PREIMESBERGER, PROVIDENCE, INC. and PROVIDENCE, LLC for a temporary restraining order prohibiting any and all of the Defendants from withdrawing or transferring funds out of any bank account except for use to pay necessary bills until such a time as (a) all Defendants provide to Plaintiff and the court an accounting of all Receivables due DEBTOR and (b) all Receivables belonging to DEBTOR are returned to the Disbursing Agent;

    (iii.)    For an order setting a hearing to consider the granting of a preliminary injunction;

<u>On All Claims for Relief</u>

    (i.)    Awarding DEBTOR prejudgment and post judgment interest at the maximum legal rate;

COMPLAINT

(ii.) Awarding DEBTOR all its costs; and

(iii.) For such other and further relief as the Court may deem proper.

DATED: September 10, 2015        **BRINKMAN PORTILLO RONK, APC**

By: ___/s/Laura Portillo___
    Daren R. Brinkman
    Laura. J. Portillo
    Kevin C. Ronk

Counsel for Casitas Eubanks Group, Inc., formerly Los Robles Care Center, Inc., Debtor and Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:   4333 Park Terrace Drive, Suite 205, Westlake Village, CA 91361

A true and correct copy of the foregoing document entitled (*specify*):

**First Amended Complaint for: 1) Accounting; 2) Turnover of Property of the Estate (11 U.S.C. § 542); 3) Breach of Contract – Management Operations Transfer Agreement; 4) Breach of Contract – Asset Sale Agreement; 5) Conversion; and 6) Injunctive Relief**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 09/10/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **9/10/2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Peter H. Carroll
NORTHERN DIVISION
U.S. Bankruptcy Court
Bin in Intake Section Lobby
1415 State Street
Santa Barbara, CA 93101

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/10/2015 | Heidi Pinkston | *signature* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

## CONTINUED SERVICE LIST

<u>Served Electronically via NEF Transmission</u>:

- **Brian D Fittipaldi**    brian.fittipaldi@usdoj.gov
- **Michael I Gottfried**    mgottfried@lgbfirm.com, ncereseto@lgbfirm.com;kalandy@lgbfirm.com;marizaga@lgbfirm.com;cboyias@lgbfirm.com;rspahnn@lgbfirm.com;srichmond@lgbfirm.com
- **Laura J Portillo**    office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com
- **Hamid R Rafatjoo**    hrafatjoo@venable.com, DGIge@venable.com;bclark@venable.com;kkhoang@venable.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Roye Zur**    rzur@lgbfirm.com, kalandy@lgbfirm.com;marizaga@lgbfirm.com;rspahnn@lgbfirm.com;srichmond@lgbfirm.com